RIGO, PLAINTIFF AND APPELLANT, *v.* POU, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt and for Damages.

No. 1152.—Decided December 10, 1914.

LEASE—RENT PAID IN ADVANCE—PURCHASE BY LESSEE—RESTITUTION OF RENT PAID TO LESSOR IN ADVANCE—SALE OF LEASED PROPERTY.—When, as in the present case, the lessee of a house advances the rent to the owner for a specified period of time and later the lessee purchases the house, the vendor must return to the vendee the amount of the advances made to him.

ID.—SANITARY IMPROVEMENTS.—When, as in the case at bar, under the conditions of a contract of lease the lessee, by order of the Sanitary Service, makes certain sanitary improvements and repairs on his own account, he is estopped by the contract from recovering the cost of said improvements and repairs.

ID.—PURCHASE BY LESSEE—DAMAGES FOR VIOLATION OF CONTRACT.—When, as in this case, the owner of leased property offers the same for sale to a third person before the expiration of the lease and gives the lessee the option to purchase it at the same price, which he accepts by purchasing the property, he cannot recover damages from the owner for a violation of the terms of the contract of lease, pursuant to the legal maxim *scienti et volento non fit injuria.*

The facts are stated in the opinion.

*Mr. Juan Hernández López* for the appellant.

*Messrs. Gabriel Guerra and Miguel Guerra* for the respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The present action was originated by a verified complaint filed on January 12, 1914, by Antonio Rigo Sagrera in the

District Court of San Juan, Section 1, against José Pou Ríos,
and alleging the following as material facts:

(a) That the defendant was the owner of the house num-
bered 48 on San Francisco Street of this city;

(b) That by a public deed of June 15, 1907, the plaintiff
and the defendant, the latter being represented by Aureliano
Ferrer, entered into a contract for the lease of the said house,
ratifying and modifying a former private contract of Novem-
ber 2, 1906, at a rental of $45 a month, payable monthly in
advance, for a period of five years beginning January 1, 1907,
and terminating on December 31, 1911;

(c) That by a private document of August 1, 1911, the
said contract of June 15, 1907, was amended as regards the
duration of the lease, which was extended to the last day of
December, 1917, with a further condition that the water rent
as well as the costs of repairs and improvements required by
the Sanitary Department should be for account of the plain-
tiff without right to reimbursement. In the said private
document the defendant acknowledged having received from
Antonio Rigo the sum of $450 in advance on account of the
rental of the house, which sum was to be deducted as follows:
$150 from that of the last months of 1912; a like amount from
that of the last months of 1913, and the remaining $150 from
that of the last months of 1914, at the rate of $45 monthly;

(d) That on September 1, 1911, Antonio Rigo advanced to
José Pou y Ríos the sum of $540 in payment of twelve months'
rental of the house at the rate of $45 monthly from September
1, 1911, to August 31, 1912;

(e) That in May, 1912, the plaintiff learned that José Pou
Ríos, represented by Petronila del Carmen Ríos y Berríos,
widow of Toro, was negotiating for the sale of the house and,
in fact, an agent or broker offered to sell the same to the
plaintiff for $12,000, but he refused to accept the offer. A
few days later, in the same month of May, José Toro Ríos,
as the representative of Petronila Ríos y Berríos, who was
the agent of José Pou y Ríos, informed the plaintiff, at the

request and in the name of the said Petronila Ríos y Berríos, that he was about to close a deal with Manuel Cerecedo for the sale of the house for the sum of $13,000, but that, nevertheless, he gave the plaintiff the option to purchase the same in preference to Cerecedo on the same terms, the option to expire at 3 p. m. of that same day;

(*f*) That Cerecedo confirmed the information and the plaintiff having shown Toro Ríos the contract of lease entered into with José Pou Ríos and asked him whether he was disposed to set out the existence of said contract in the deed of sale to Cerecedo with a covenant that the purchaser should respect the same, Toro Ríos replied that he knew nothing of such a contract and was not inclined to recognize it, but would sell the property to Cerecedo without any condition whatever;

(*g*) That the plaintiff had sublet the house to the industrial firm of Abraham & Rigo to December 31, 1917, for the same rental at which he had leased it from José Pou Ríos, or $45 a month;

(*h*) That being obliged by the position in which he found himself either to have to purchase the house for the high price of $13,000 or to suffer damages for the obligations contracted on the strength of the lease which he had entered into with José Pou Ríos, the plaintiff decided to purchase the property and did so, executing for that purpose a provisional private deed of bargain and sale which was made a public instrument on May 13, 1912. He paid the vendor $4,000 in cash and agreed to pay the balance of $9,000 within a period of five years ending May 13, 1917, with interest at 10 per cent annually payable monthly when due, the property being mortgaged to secure the payment of the $9,000 plus the interest agreed on and $300 estimated as costs and attorney's fees in case of foreclosure;

(*i*) That the Sanitary Department ordered certain sanitary improvements and additions to be made to the house and they were made pursuant to the terms and conditions of the private contract of August 1, 1911, the costs of which

amounted to a sum of more than $3,000. These improvements increased the value of the property and put José Pou Ríos in a position to ask $13,000 therefor, as he did;

(*j*) That if the contract of lease entered into between the plaintiff and José Pou Ríos had continued for the period agreed on at the monthly rental of $45, the amount which he would have paid Pou Ríos would be $4,274.97 less than the amount he will have to pay for interest at the rate of 10 per cent agreed upon in the deed of bargain and sale, and this sum added to the $3,000 paid for improvements makes a total of $7,274.97;

(*k*) That up to this time, notwithstanding his extrajudicial demands therefor, the plaintiff has not been repaid, either by José Pou y Ríos or his agents, Aureliano Ferrer and Petronila Ríos Berríos, the sum of $540 advanced on the rent or the $170.50 paid in advance for rent for three months and seventeen days, and these items, it is alleged, make a total of $620.50;

(*l*) That the plaintiff has made extrajudicial and friendly endeavors to procure from José Pou Ríos an indemnity for the losses he has suffered on account of the non-compliance with the contract of lease and his most favorable answer has been to offer, through his representative, Petronila Ríos y Berríos, the insignificant sum of $1,000, which offer was refused.

The complaint concludes with a prayer for judgment to the effect that José Pou Ríos was bound to respect and comply with the contract of lease referred to in the complaint and that, having failed to do so, he is required to repay the rental collected amounting to $620.50 and to pay the plaintiff the sum of $7,274.27 as an indemnity for damages, and that judgment be entered against him for the foregoing sums, a total of $7,894.77, or such part thereof as the court may deem just and proper, together with legal interest at 6 per cent per annum from the date of filing the complaint, and the costs, disbursements, and attorney's fees.

Defendant José Pou Ríos demurred to the said complaint on the ground that it did not state facts sufficient to constitute a cause of action and the court, holding that the complaint stated facts sufficient to constitute a cause of action as regards the claim of $620.50 which, as alleged, the defendant owes the plaintiff, but not as regards the claim for $7,274.27, also asserted, the complaint containing, therefore, after limiting the claim to $620.50, a number of allegations which should be stricken out, entered an order on April 4 last directing that an amended complaint be filed within five days in accordance with its opinion.

Instead of amending the complaint the plaintiff, on May 4, moved that the ruling of the court of April 4 be entered as a judgment, with the proper formalities, so that he might appeal therefrom, and the court rendered judgment on May 8 dismissing the complaint with costs against the plaintiff, reserving to him his asserted right to recover the $620.50 which he alleged he had paid the defendant in advance for rent.

From the said judgment the attorney for the plaintiff appealed to this court and all formalities having been complied with, the same is now before us for consideration.

Let us see whether the facts alleged in the complaint are sufficient to constitute a cause of action. The complaint sets up two claims: First, restitution to the plaintiff by the defendant of certain sums which the former advanced on account of rent of house No. 48 San Francisco Street, which amounts have not yet been repaid; second, an indemnity of $7,274 and some cents for sanitary improvements made on the property by virtue of the contract of lease and for damages caused the plaintiff by his being obliged to pay the defendant interest on the deferred instalments, according to the contract of bargain and sale, an amount greater by $4,274 and some cents than what he would have had to pay if the terms of the contract of lease at $45 monthly had been lived up to.

The facts set out under letters *c, d,* and *k,* although stated in a somewhat confused manner and containing numerical errors, such as that $540 and $170.50 make a total of $620.50, undoubtedly show a cause of action based on the allegations that the defendant received money in advance on account of the rental of the house and failed to repay to the plaintiff the amount received. Nobody is entitled to enrich himself at the expense of another and if the facts alleged are true, as we must suppose them to be in considering the demurrer, the legal conclusion follows that the defendant is under obligation to repay to the plaintiff the amounts which the latter advanced him for rent and which have not been repaid.

The confusion in the allegation of the facts and the numerical error can be corrected by explaining and rectifying the same.

As regards the second claim for $7,274.27, based on the grounds indicated, we have carefully examined the facts alleged in the complaint relative thereto and must conclude that they do not support such a claim.

According to allegations *e* and *i* of the complaint, the plaintiff made the sanitary improvements and additions ordered by the sanitary authorities for his own account in fulfilment of the covenants made by the lessor and lessee in the private contract of August 1, 1911, therefore, under the lease he was not entitled to reimbursement of the sum of $3,000, the cost of said improvements, it being immaterial to the case whether the value of the property was or was not increased thereby. The fact that the defendant sold the house before the expiration of the lease and other allegations in the complaint with respect to the sale, create no right in the plaintiff to reimbursement of the said $3,000 nor of the $4,274 and some cents which the plaintiff claims as a reimbursement for interest on the deferred instalments of the purchase price and which he would not have paid if the conditions as to the rent and duration of the contract of lease had been carried out as agreed upon.

If the defendant had sold the house to Cerecedo and the latter had not accepted the contract of lease, the lessee, Rigo Sagrera, could have recovered from José Pou y Ríos an indemnity for damages caused him under the provisions of sections 1457, 1459, and 1474 of the Revised Civil Code, which provisions the appellant cites as having been violated by the judgment; but as the sale to Cerecedo was not made because Rigo Sagrera decided to take advantage of the preference or option which Pou Ríos gave him and bought the property himself, it is evident that if he suffered any loss it was of his own volition by becoming a party to a deed of bargain and sale which never could have been executed without his consent. The plaintiff gave his assent and it is unattended by any defect which could invalidate it. The doctrine of *scienti et volenti non fit injuria* applies to the present case and not the sections cited. From the moment Antonio Rigo Sagrera made the purchase he was estopped from claiming damages as a consequence of an act which was accomplished with his entire consent and was unaccompanied by force, intimidation, or fraud.

And it is not true, as contended by the appellant, that the action for damages does not arise from the deed of bargain and sale executed by the plaintiff and the defendant, but from the contract of bargain and sale which had previously been agreed upon between Cerecedo and José Pou Ríos, for that supposed contract did not attain legal existence because the plaintiff himself prevented the execution thereof by electing to purchase the house on the same terms offered to Cerecedo. In the present case Cerecedo acquired no title of ownership nor was there any right of legal redemption in the plaintiff, as contended by him, because the sale to Cerecedo was not made.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Justices del Toro, Aldrey, and Hutchison concurred.
Mr. Justice Wolf took no part in the decision of this case.